O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA L. DONATO, on behalf of SPD, a Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-CV-05024 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In June of 2014, Plaintiff Ana Donato, the mother and natural guardian of SPD ("Claimant"), filed an application on Claimant's behalf for Supplemental

Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

Plaintiff, represented by Irene Ruzin, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties have consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 14).

On December 6, 2016, this case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 20).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff is the mother of Claimant, a minor child. On June 24, 2014, Plaintiff filed an application for SSI benefits on Claimant's behalf, alleging disability beginning March 29, 2001. (T at 115-23).[2] The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 3, 2016, a hearing was held before ALJ James Delphey. (T at 31).

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

1 Claimant and Plaintiff appeared with an attorney. (T at 31). Claimant testified (T at 34-48), as did Plaintiff. (T at 48-63).

On February 24, 2016, the ALJ issued a written decision denying the application for benefits and finding that Claimant was not disabled within the meaning of the Social Security Act. (T at 12-30). The ALJ's decision became the Commissioner's final decision on June 16, 2016, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On July 8, 2016, Plaintiff, acting by and through her attorney and on Claimant's behalf, commenced this action by filing a Complaint in the United States District Court for the Central District of California. (Docket No. 1). The Commissioner interposed an Answer on October 24, 2016. (Docket No. 16).

The parties filed a Joint Stipulation on April 14, 2017. (Docket No. 24).

After reviewing the record, pleadings, and Joint Stipulation, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is dismissed.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

An individual under the age of eighteen (18) is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental

impairment that results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). However, that definitional provision excludes from coverage any "individual under the age of [eighteen] who engages in substantial gainful activity...." 42 U.S.C. § 1382c(a)(3)(C)(ii).

By regulation, the agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. 20 C.F.R. § 416.924; *see generally Meredith v. Astrue*, No. CV-09-0384, 2011 U.S. Dist. LEXIS 37363, at *3 (E.D.Wa. April 5, 2011).

The first step of the test, which bears some similarity to the familiar five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, then both statutorily and by regulation the child is ineligible for SSI benefits. 42 U.S.C. § 1382c(a)(3)(C)(ii); 20 C.F.R. § 416.924(b).

If the claimant has not engaged in substantial gainful activity, the second step of the test requires an examination as to whether the child suffers from one or more medically determinable impairments that, either singly or in combination, are properly regarded as severe, in that they cause more than a minimal functional limitation. 20 C.F.R. § 416.924(c).

If the existence of a severe impairment is discerned, the agency must then determine, at the third step, whether the impairment meets or equals a presumptively disabling condition identified in the listing of impairments set forth under 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Listings"). Id. Equivalence to a listing can be either medical or functional. 20 C.F.R. § 416.924(d). If an impairment is found to meet or qualify as medically or functionally equivalent to a listed disability, and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled. 20 C.F.R. § 416.924(d)(1).

Analysis of functionality is informed by consideration of how a claimant functions in six main areas, commonly referred to as "domains." 20 C.F.R. § 416.926a(b)(1); *Meredith*, 2011 LEXIS 37363, at *4. The domains are described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Those domains include: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Functional equivalence is established in the event of a finding of an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a); *Meredith*, 2011 LEXIS 37363, at *4. An "extreme limitation" is an impairment which "interferes very seriously with [the claimant's] ability to

independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

Alternatively, a finding of disability is warranted if a "marked" limitation is found in any two of the listed domains. 20 C.F.R. § 416.926a(a); *Meredith*, 2011 LEXIS 37363, at *4. A "marked limitation" exists when the impairment "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

6

DECISION AND ORDER – DONATO V. BERRYHILL, 2:16-CV-05024 (VEB)

1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding

7

DECISION AND ORDER – DONATO V. BERRYHILL, 2:16-CV-05024 (VEB)

of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ noted that Claimant was born on March 29, 2001, and, as such, was an adolescent, as defined under 20 CFR § 416.962a (g)(2), on June 24, 2014 (the application date) and was an adolescent on February 24, 2016 (the date of the ALJ's decision). (T at 18). At step one of the sequential evaluation, the ALJ found that Claimant had not engaged in substantial gainful activity since the application date. (T at 18). At step two, the ALJ determined that Claimant's learning disability was an impairment considered "severe" under the Act. (Tr. 18).

However, at step three, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 18). The ALJ also found that Claimant did not have an impairment or combination of impairments that functionally equaled the Listings. (T at 19). In particular, the ALJ determined that Claimant had less than a marked limitation in acquiring and using information, less than a marked limitation in attending and completing tasks, less than a marked limitation with respect to interacting and relating with others, no limitation as to moving about and manipulating objects, no limitation with regard to the ability to care for himself, and no limitation in health and physical well-being. (T at 23-27).

As such, the ALJ concluded that Claimant had not been disabled, as defined under the Act, from the application date through the date of the decision and was therefore not entitled to benefits. (Tr. 27). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Argument**

Plaintiff argues that the Commissioner's decision should be reversed. In particular, she contends that the ALJ committed reversible error by concluding that Claimant's impairments did not meet the requirements of Listing §112.05 (C) or (D).

**IV. ANALYSIS**

Listing § 112.05 relates to intellectual disability for children ages 3 to 18. Sub-paragraph C requires a "valid verbal, performance, or full scale IQ of 59 or less." Sub-paragraph D requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function."

In this case, Dr. Rebecca Holtzmann performed a psychological assessment on April 25, 2012, when Claimant was 11 years old. She diagnosed ADHD and mild mental retardation. (T at 338). She reported a verbal IQ of 53. (T at 340). On August 29, 2014, Dr. Banafse P. Sharokhi performed a consultative examination.

Claimant obtained a full-scale IQ score of 56 on testing administered by Dr. Sharokhi. (T at 316). However, Dr. Sharokhi reported that Claimant "exerted extremely inconsistent effort on testing," evidenced by "low motivation, carelessness, impulsivity, and aborting of subtests prematurely." (T at 317). As such, Dr. Sharokhi opined that Claimant's "cognitive abilities appear higher than shown on psychometric testing." (T at 317).

The ALJ discussed Dr. Holtzmann's report, noting the verbal IQ score of 53, but finding the score "well outside the relevant period at issue" and, thus, not entitled to significant weight. (T at 18). It is indeed the case that an IQ score must be "current" for accurate assessment under Listing § 112.05 and IQ results obtained between ages 7 and 16 are only considered current for 2 years when the score is 40 or above. 20 CFR § 404, Subpart P, App. 1, §112.00 D (10). Here, Dr. Holtzmann's results were obtained in April of 2012, which is slightly more than 2 years prior to June 24, 2014, when Claimant's application for benefits was filed. As such, while it is difficult to agree with the ALJ's conclusion that Dr. Holztmann's IQ score was "well outside" the relevant time period, it was, in any event, not "current" as of the application date. The ALJ was within his discretion to find the score invalid.

Plaintiff argues that the ALJ erred by failing to consider the balance of Dr. Holtzmann's findings, including those related to Claimant's behavioral difficulties and, in particular, the diagnosis of ADHD. However, this Court finds the ALJ's

consideration sufficient. The decision contains detailed discussion and findings regarding Claimant's behavioral issues and the ALJ's lack of specific reference to certain of Dr. Holtzmann's conclusions or the ADHD diagnosis does not constitute reversible error. As discussed below, although Claimant certain had behavioral issues, the ALJ cited evidence that those issues were generally addressed effectively through special education supports and services.

The ALJ determined that the IQ score of 56 obtained Dr. Sharokhi was not valid because of the concerns expressed by Dr. Sharokhi with regard to Claimant's effort. (T at 18). In other words, the ALJ accepted Dr. Sharokhi's conclusion that the IQ score was likely an underestimation of Claimant's true cognitive abilities. This Court is obliged to give deference to the ALJ's interpretation of the evidence. Under the circumstances, this Court cannot consider it unreasonable for the ALJ to have discounted the IQ score based upon concerns observed and noted by the examining doctor himself. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

In sum, this Court finds no reversible error with respect to the ALJ's finding that the requirements of Listing § 112.05 (C) were not met. Although the record contains two IQ scores of 59 or less, the ALJ offered legally sufficient reasons for rejecting those scores and this Court is obliged to differ to those reasons.

Plaintiff also argues that the ALJ did not give adequate consideration as to whether Claimant met sub-paragraph (D) of the Listing, which requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." This Court finds no error as to this aspect of the ALJ's decision. Claimant does not have a "physical or other mental impairment imposing an additional and significant limitation of function." This analysis is generally considered synonymous with the step two severity analysis. *See* 20 CFR § 404, Subpart P, App. 1 § 112.00 (A); *see also Estrada v. Colvin*, No. EDCV, 13-1691 CW, 2015 U.S. Dist. LEXIS 10494, at *5 (C.D. Cal. Jan. 28, 2015).

Here, at step two of the sequential evaluation, the ALJ found only one severe impairment – Claimant's learning disability. (T at 18). Plaintiff does not challenge this finding or provide evidence of any other impairment (physical or mental) imposing an additional and significant limitation of function. Although Claimant certainly had behavioral needs, the ALJ referenced evidence in the record that those needs were adequately addressed via special education services and support, with generally successful results, including academic progress and behavioral improvement. (T at 20-22).

Lastly, the ALJ's decision was supported by the assessment of Dr. M. Salib, a non-examining State Agency review consultant, who considered Listing §112.05,

but concluded that the evidence did not support a finding that Claimant met or equaled the Listing. (T at 71-73). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support an ALJ's decision. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of a conclusion that Claimant met the requirements of sub-paragraphs C or D of Listing §112.05. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was

supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, when rendering a decision that Claimant is not disabled. This Court

//

//

//

//

//

//

//

//

14

DECISION AND ORDER – DONATO V. BERRYHILL, 2:16-CV-05024 (VEB)

1 | finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 5th day of July, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE